UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| GREAT GULF CORPORATION, | Case No. 20-CV-1835 (PJS/TNL) |
| Plaintiff/Counter-defendant, | |
| v. | ORDER |
| WILLIAM TALFORD GRAHAM, R.P. AIR, INC., and RANDOLPH M. PENTEL, | |
| Defendants/Counter-claimants. | |

---

Erik F. Hansen, Elizabeth M. Cadem, and Kirk A. Tisher, BURNS & HANSEN, P.A.; and Fred A. Schwartz, SHAHADY WURTENBERGER, P.A., for plaintiff/counter-defendant.

Jacob B. Sellers and Justice Ericson Lindell, GREENSTEIN SELLERS PPLC, for defendants/counter-claimants.

This matter is before the Court on plaintiff Great Gulf Corporation's ("Great Gulf's") objection to Magistrate Judge Tony Leung's July 13, 2022, order denying Great Gulf's motion for a protective order and granting defendants' second motion for sanctions. The order was the culmination of three rounds of motion practice arising out of defendants' attempt to take depositions of Troy Wilson (Great Gulf's authorized agent and Rule 30(b)(6) designee) and Laila Alizadeh (Great Gulf's owner). ECF No. 161 at 2.

I.  BACKGROUND

The Court assumes familiarity with the facts described in Judge Leung's order and will provide only a brief summary here:

The dispute over the Wilson and Alizadeh depositions first made its way before Judge Leung on November 15, 2021, because the parties could not agree about whether Wilson and Alizadeh (both of whom live in Canada) would have to appear in person in Minnesota for their depositions or instead could be deposed remotely.  After a hearing, Judge Leung permitted the deponents to appear remotely, but, given that Judge Leung shared defendants' concerns about the trustworthiness of Wilson and Alizadeh, Judge Leung imposed certain safeguards to prevent "surreptitious conduct" during the depositions.  *Id.* at 2; ECF No. 92.

Defendants noticed Wilson's and Alizadeh's depositions for March 29 and 30, 2022, at an office in Toronto, and arranged the safeguards ordered by Judge Leung. ECF No. 104 at 4–14.  At 8:00 pm the night before the first of the depositions was scheduled to occur, Great Gulf's counsel informed defendants that both Wilson and Alizadeh were experiencing COVID symptoms and would be unable to sit for their depositions.  ECF No. 104 at 25.  When neither Wilson nor Alizadeh appeared as

noticed[1] on March 29 and 30, defendants filed their first motion for sanctions.  ECF No. 101.

Judge Leung heard defendants' motion on May 27, 2022.  ECF No. 113.  Judge Leung found "it dubious that both Wilson and Alizadeh contracted COVID-19 at the 11th hour before their painstakingly arranged depositions were to occur."  ECF No. 124 at 24:13–15.  Judge Leung also found that the sequence of events leading up to Wilson's and Alizadeh's failure to appear "strain[ed] credulity."  *Id.* at 24:23.  He ordered Great Gulf to pay defendants' expenses in arranging the missed depositions and gave Wilson and Alizadeh one more chance to appear for their depositions.  After confirming with defendants' counsel that defendants would be able to "essentially redo and make the same prior arrangements for the depositions to occur" within seven days, *id.* at 4:20–23, Judge Leung ordered Great Gulf (through Wilson or any other corporate designee), Wilson, and Alizadeh to "sit for their depositions in person in Canada within the next seven days," *id.* at 25:15–16, and warned that if they did not do so, they would "be prohibited from offering any evidence by way of testimony or affidavit for any purpose in this case," *id.* at 26:6–10.

---

[1] Alizadeh did not appear at all.  Wilson appeared, but not from the Toronto office identified in the deposition notice, but instead from what Wilson described as his library in Elliot Lake, Ontario.  *See* ECF No. 104 at 29–31.

-3-

On May 30, three days after the hearing and the entry of Judge Leung's order, defendants noticed the rescheduled depositions of Great Gulf, Wilson, and Alizadeh for June 1 and 2 at the same office in Toronto where the March depositions were supposed to occur. ECF No. 146-3. Defendants again painstakingly arranged for the safeguards that Judge Leung had ordered to prevent Wilson and Alizadeh from engaging in "surreptitious conduct." ECF No. 161 at 2; ECF No. 92. The next afternoon, Great Gulf's counsel informed defendants' counsel that Wilson could not appear for a deposition in Toronto on June 1 as noticed, because he needed to "drive . . . his wife to an appointment in Elliot Lake"; Elliot Lake is one of Wilson's two home towns, and a six-hour drive from Toronto. ECF No. 146-2 at 3. Great Gulf's counsel proposed that Wilson could instead appear for the deposition from a law office in Elliot Lake on June 1, or he could appear at the noticed location in Toronto on June 3. *Id.* at 4. Defendants' counsel responded that neither he, the court reporter, nor the videographer were available on June 3, and that the deposition would "have to proceed as scheduled" on June 1. *Id.* at 2–4.

On June 1, Wilson attempted to join his depositions (one in his personal capacity, and one in his capacity as Great Gulf's Rule 30(b)(6) designee) from a law office in Elliot Lake, but defendants declined to proceed in light of Wilson's non-compliance with the

notice. ECF Nos. 146-7, 146-9. On June 2, Alizadeh appeared for her deposition in Toronto. ECF No. 146-10.

On June 20, Great Gulf moved the Court for a protective order "requiring the depositions of Troy Wilson and Great Gulf Corporation be taken in person in Minneapolis at a time to be set by the Court." ECF No. 133. Four days later, defendants filed their second motion for sanctions based on Wilson's and Great Gulf's failure to appear as noticed for the depositions on June 1. ECF No. 142.

Judge Leung heard both parties' motions on July 11 and issued his order on July 13. ECF Nos. 159, 161. He denied Great Gulf's motion for a protective order, granted defendants' motion for sanctions, and made good on his warning to Great Gulf that if it did not comply with his May 27 order, the noncomplying witnesses would be prohibited from offering any evidence by way of affidavit or testimony in this case. ECF No. 161 at 25. Great Gulf filed a timely objection on July 27.[2] ECF No. 167.

## II. ANALYSIS

The Court applies an "extremely deferential" standard of review to a magistrate judge's order on nondispositive pretrial matters. *Roble v. Celestica Corp.*, 627 F. Supp. 2d 1008, 1014 (D. Minn. 2007). Such an order should be reversed only if it is clearly

---

[2]Great Gulf objects to Judge Leung's order only to the extent that it prohibits Great Gulf and Wilson from offering any evidence by way of testimony or affidavit. Great Gulf has not objected to Judge Leung's denial of its motion for a protective order or his award of costs and fees to defendants. *See* ECF No. 167.

erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."  *Chase v. Comm'r*, 926 F.2d 737, 740 (8th Cir. 1991) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).  "A decision is 'contrary to law' when it fails to apply (or misapplies) relevant statutes, case law, or rules of procedure."  *Edeh v. Midland Credit Mgmt., Inc.*, 748 F. Supp. 2d 1030, 1043 (D. Minn. 2010).

The Court cannot find that Judge Leung's decision was clearly erroneous or contrary to law.  *See* Fed. R. Civ. P. 72(a).  Rule 37 of the Federal Rules of Civil Procedure permits the Court to impose sanctions on a party who "fails to obey an order to provide or permit discovery" or "fails, after being served with proper notice, to appear for that person's deposition."  While "[s]anctions should not be lightly imposed," they "are important tools to 'penalize those whose conduct may be deemed to warrant such a sanction' and 'to deter those who might be tempted to such conduct in the absence of such a deterrent.'"  *Darmer v. State Farm Fire & Cas. Co.*, No. 17-CV-4309 (JRT/KMM), 2020 WL 1846661, at *3 (D. Minn. Apr. 6, 2020) (quoting *Universal Cooperatives, Inc. v. Tribal Co-op. Mktg. Dev. Fed'n of India, Ltd.*, 45 F.3d 1194, 1196 (8th Cir. 1995) (cleaned up)).

Great Gulf's objection largely duplicates the arguments presented to, and rejected by, Judge Leung when he ruled on defendants' second motion for sanctions. *See* ECF Nos. 140, 156 (Great Gulf's memoranda in support of its motion for a protective order and in opposition to defendants' second motion for sanctions). Great Gulf does not dispute that its actions were not "wholly reasonable" and admits that Judge Leung's "frustration . . . is understandable." ECF No. 167 at 11. Great Gulf does not even attempt to address the multiple conflicting explanations given by Wilson for failing to appear as noticed at his deposition. But Great Gulf nevertheless argues that Judge Leung should not have "la[id] the blame for the dispute solely on Plaintiff" and that he should not have ignored defendants' unreasonableness in arranging the depositions at issue. *Id.* at 15.

Judge Leung understands—better than this Court—the tangled history of this contentious litigation, the relative culpability of the parties, and the credibility of Wilson and Alizadeh. That is exactly why Judge Leung's decisions on discovery disputes are reviewed deferentially. Great Gulf's objections do not demonstrate any clear error or misapplication of the relevant law, and thus its objection is overruled.

Even if the Court applied the more searching de novo standard of review applicable to dispositive motions, Fed. R. Civ. P. 72(b), the Court would affirm Judge

Leung's decision.  The Court has carefully reviewed the record, and that record fully supports Judge Leung's decision.

During the May 27 hearing, Judge Leung put Great Gulf on notice that the same safeguards that he ordered for the March depositions would apply to the re-noticed depositions.  *See* ECF No. 124 at 4:17–23 (Judge Leung confirmed with defendants' counsel that defendants could "redo and make the *same prior arrangements* for the depositions" in the next seven days (emphasis added)).  Great Gulf never objected to those safeguards before the March depositions were scheduled to occur, nor did it object to them before or during the May 27 hearing.  Nor, as Judge Leung noted, did Great Gulf object to his May 27 order.  ECF No. 161 at 17.  It was not until Wilson and Great Gulf failed to appear for their depositions as noticed *again* in June that they complained to Judge Leung about the safeguards, which Wilson and Great Gulf rebranded as defendants' "unreasonable discovery tactics."  ECF No. 140 at 2.

Before imposing sanctions on Great Gulf, Judge Leung carefully considered the actions of all parties.  He discounted Wilson's credibility—noting that he had given conflicting explanations for failing to appear as noticed—and found that "the failure of Great Gulf and Wilson to appear for their depositions in compliance with the deposition notices for a second time was not substantially justified."  ECF No. 161 at 18, 23.

Nor did Judge Leung impose the sanction of exclusion on Great Gulf as a first resort. Judge Leung first imposed monetary sanctions, and despite Wilson's and Alizadeh's failure to appear for their depositions as noticed in March, Judge Leung gave Great Gulf one final chance to cooperate. And he clearly warned Great Gulf about the consequences it would face if its witnesses continued to fail to appear for noticed depositions.

Thus, in his July 13 order, Judge Leung reasonably discounted Great Gulf's complaints about defendants' "unreasonable conditions" and imposed a reasonable sanction—the very sanction that he had warned Great Gulf would be imposed if it failed to appear.

Especially in a case as contentious as this one, a magistrate judge must be able to ensure that his discovery orders are taken seriously. Judge Leung did not clearly err or act contrary to law, and thus plaintiffs' objection to his order is overruled.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, plaintiff's objection [ECF No. 167] is OVERRULED and the July 13, 2022, order [ECF No. 161] is AFFIRMED.

Dated: October 5, 2022

Patrick J. Schiltz, Chief Judge
United States District Court