UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREAT GULF CORPORATION, | Case No. 20-CV-1835 (PJS/TNL) |
| Plaintiff/Counter-defendant, | |
| v. | ORDER |
| WILLIAM TALFORD GRAHAM, R.P. AIR, INC., and RANDOLPH M. PENTEL, | |
| Defendants/Counter-claimants. | |

Fred A. Schwartz, SHAHADY WURTENBERGER, P.A.; Erik F. Hansen, Elizabeth M. Cadem, and Kirk A. Tisher, BURNS & HANSEN, P.A., for plaintiff/counter-defendant.

Jacob B. Sellers and Justice Ericson Lindell, GREENSTEIN SELLERS PPLC, for defendants/counter-claimants.

On July 13, 2022, Magistrate Judge Tony Leung imposed sanctions on plaintiff Great Gulf for its repeated failure to produce its witnesses for depositions as noticed by defendants. ECF No. 161. Great Gulf objected to Judge Leung's order, and on October 5, 2022, this Court overruled its objection and affirmed Judge Leung's order. ECF No. 172. Great Gulf now moves the Court to certify its October 5 order for interlocutory appeal under 28 U.S.C. § 1292(b).

"Permission to allow interlocutory appeals should . . . be granted sparingly and with discrimination." *Union Cnty., Iowa v. Piper Jaffray & Co.*, 525 F.3d 643, 646 (8th Cir.

2008) (citation and quotations omitted).  To certify an interlocutory appeal under § 1292(b), the Court must find, among other things, that its order "involves a controlling question of law as to which there is substantial ground for difference of opinion . . . ."

Great Gulf's motion for certification under § 1292(b) is nothing more than an attempt to re-litigate—for the *third time*—a discovery dispute that has been ongoing for more than a year.  Eight pages of Great Gulf's motion (three-quarters of its brief) is spent rehashing the same (incomplete) version of the facts that Great Gulf already presented to Judge Leung (prior to his order imposing sanctions) and to this Court (prior to its order affirming Judge Leung's order).

Great Gulf has not identified a single "controlling question of law as to which there is a substantial ground for difference of opinion," such that an immediate appeal of the Court's order would be justified.  The "question" Great Gulf wants to appeal is whether Judge Leung—and this Court—erred when deciding whether, under settled law, the facts of this case justify the imposition of sanctions.  However, the imposition of discovery sanctions is a matter well within a trial court's discretion.  *Savola v. Webster*, 644 F.2d 743, 745 (8th Cir. 1981).  And Eighth Circuit law has been clear:  When a "ruling is committed to the district court's discretion . . . an allegation of abuse does not create a legal issue" appropriate for certification under § 1292(b).  *White v. Nix*, 43 F.3d 374, 377 (8th Cir. 1994).

For these reasons, the Court denies Great Gulf's motion.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT defendant's motion to certify for interlocutory appeal [ECF No. 173] is DENIED.

Dated: October 19, 2022                    s/Patrick J. Schiltz
                                                     Patrick J. Schiltz, Chief Judge
                                                     United States District Court