UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| GREAT GULF CORPORATION, | Case No. 20-CV-1835 (PJS/TNL) |
| Plaintiff/Counter-defendant, | |
| v. | ORDER |
| WILLIAM TALFORD GRAHAM, R.P. AIR, INC., and RANDOLPH M. PENTEL, | |
| Defendants/Counter-claimants. | |

Barbara Podlucky Berens, BERENS & MILLER, P.A., and Fred A. Schwartz, SHAHADY WURTENBERGER, P.A. for plaintiff/counter-defendant.

Jacob B. Sellers and Justice Ericson Lindell, GREENSTEIN SELLERS PPLC, for defendants/counter-claimants.

This matter is before the Court on plaintiff Great Gulf Corporation's ("Great Gulf's") motion for a temporary restraining order to prevent the sale of the Aircraft that is the subject of this lawsuit. ECF No. 198. According to Great Gulf, an order is necessary "to maintain the status quo by stopping any sale of the Aircraft until there is a determination about what specific charges the Defendants R.P. Air, Inc. or Randolph M. Pentel may properly recover pursuant to their warehouse lien." *Id.*

On February 6, 2023, the Court entered an order on the parties' cross-motions for summary judgment. ECF No. 189. In that order, the Court concluded that, although Great Gulf continues to own the Aircraft, the Pentel defendants hold an enforceable

warehouse lien on the Aircraft pursuant to Minn. Stat. § 336.7-209.  The Court specifically indicated that the Pentel defendants may proceed with the foreclosure process set forth in § 336.7-210.

Based on Great Gulf's motion, it appears that the Pentel defendants have begun the § 336.7-210 foreclosure process.  In its motion for a TRO, Great Gulf essentially identifies various defenses that it has to foreclosure.  But Great Gulf can raise those defenses in a separate state-court action.  *See, e.g.*, *Original Bobble Babes, LLC v. Dedicated Logistics, Inc.*, No. A16-0496, 2016 WL 6826281 (Minn. Ct. App. Nov. 21, 2016) (affirming district-court decision on claims arising out of an allegedly improper warehouse-lien foreclosure).  This federal lawsuit is not a foreclosure action, and it is much too late for the parties to turn it into a foreclosure action.  The Court has already ruled on the parties' motions for summary judgment, and trial is scheduled to begin in just two and a half months.  ECF No. 193.  At this late date, the Court is not going to permit Great Gulf to inject new claims related to an anticipated foreclosure that is yet to occur.  The parties will have to litigate foreclosure-related issues in a separate state-court action.

For all of these reasons, the Court cannot find that plaintiffs have shown a likelihood of success on the merits or that plaintiffs face a threat of irreparable harm. *See Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 114 (8th Cir. 1981).  Great Gulf's motion for a temporary restraining order is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein,

IT IS HEREBY ORDERED THAT plaintiff's motion for a temporary restraining order [ECF No. 198] is DENIED.

Dated: April 4, 2023            s/Patrick J. Schiltz
                                                                                  Patrick J. Schiltz, Chief Judge
                                                                                  United States District Court